**IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **JASON CHAMPAGNE AND BRANDY CHAMPAGNE,** § § | |
| Plaintiffs, § | |
| v. § | |
| § | |
| **CENLAR FSB, AMERIHOME** § | Civil Action No. 1:19-cv-00020 |
| **MORTGAGE COMPANY, LLC &** § | |
| **ALBERTELLI LAW,** § | |
| Defendants. § | |

**DEFENDANT AMERIHOME MORTGAGE COMPANY'S RESPONSE
TO PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE JUDGE MARCIA A. CRONE:

COMES NOW Defendant, AMERIHOME MORTGAGE COMPANY, LLC, ("Amerihome"), and files this response to the motion to remand filed by Plaintiffs, Jason Champagne and Brandy Champagne ("Plaintiffs"). In support of this response, Amerihome shows unto the Court as follows:

**I. FACTUAL BACKGROUND**

1. In the first four unnumbered paragraphs of the "factual" background section in Plaintiffs' motion to remand, Plaintiffs make numerous allegations of wrongdoing against Amerihome, and co-Defendants Albertelli Law ("Albertelli Law") and Cenlar FSB ("Cenlar"). In the fifth unnumbered paragraph in their background section, Plaintiffs note that they have brought claims alleging misrepresentation and violation of the Texas Deceptive Trade Practices Act. Although Amerihome admits that Plaintiffs have brought these claims, Amerihome denies that is liable to Plaintiffs and denies that Plaintiffs are entitled to any relief against Amerihome. Indeed, Amerihome denies all allegations of wrongdoing against it. But of course the truth or falsity of Plaintiffs' allegations is neither here nor there for purposes of whether removal was appropriate in this case.

2. Turning to the only relevant inquiry here (namely, the propriety of removal), Plaintiffs assert in the fifth unnumbered paragraph of the background section that removal was improper for two reasons. Plaintiffs are wrong on both counts, though.

3. First, Plaintiffs assert that Albertelli Law is a Texas citizen. In fact, though, Albertelli Law is actually a citizen of Florida. And, while the notice of removal inadvertently failed to identify Albertelli Law's and Cenlar's citizenship, the Fifth Circuit has long made clear that notice of removals may be amended to correct such technical defects. To that end, Amerihome files contemporaneously with this response Amerihome's motion for leave to file its amended notice of removal ("Amended Notice of Removal").

4. Second, Plaintiffs assert that removal was untimely. In making this argument, however, Plaintiffs disregard basic rules of civil procedure. Rule 6 of the Federal Rules of Civil Procedure extends by three days the time for action in response to documents served by mail. Here, Plaintiffs served their complaint by mail. Thus, under Rule 6, Amerihome's notice of removal was timely.

## II. PROCEDURAL BACKGROUND

5. In the unnumbered paragraph in the procedural section of the motion to remand, Plaintiffs note that they filed a complaint in state court, and Amerihome (with the consent of Albertelli Law and Cenlar) removed Plaintiffs' complaint to this Court. Amerihome admits these allegations.

## III. ARGUMENT

### A. Because none of the Defendants is a Texas citizen, there is complete diversity.

6. In the complaint, Plaintiffs affirmatively assert that all three Defendants are Texas citizens. In fact, none of them are.

7. In their motion to remand, Plaintiffs argue that, because Albertelli Law allegedly is a Texas citizen, complete diversity is lacking. However, Albertelli Law is not a Texas citizen.

Albertelli Law is an assumed name for James A. Albertelli, P.A.[1]  James A. Albertelli, P.A. is a professional association incorporated under Florida law, and has its principal place of business in Florida.[2]  So, for diversity purposes, Albertelli Law is a citizen of Florida.[3]  Cenlar, likewise, is not a citizen of Texas.  Cenlar is a federal savings bank with its home office in New Jersey.[4]  Thus, for diversity purposes, Cenlar is a citizen of New Jersey.[5]

8. To be sure, the original petition for removal did not identify the citizenship of Albertelli Law and Cenlar.  But the Amended Notice of Removal clearly does so.  And the Fifth Circuit has long recognized that—even after the time for removal has passed—a defendant may amend its petition to cure defective allegations of jurisdiction, including allegations relating to the parties' citizenship.[6]  Indeed, the rule permitting such amendments "should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties."[7]  Applying these holdings, courts in the Fifth Circuit have repeatedly rejected the argument that the defendant should not be permitted to amend its notice of removal to address citizenship.[8]

---

[1] *See* Amended Notice of Removal, ¶ 12.  Defendant Albertelli Law appears to have corresponded with Plaintiffs using both the assumed name Albertelli Law and the assumed name ALAW.  *Compare* Pls.' Complaint at Ex. 2 to Amended Notice of Removal at Ex. 2 (Assumed Name Certificate).

[2] *Id.*

[3] *Zenith Ins. Co. v. Texas Inst. for Surgery, LLP*, No. 3:18-CV-0182-D, 2018 WL 5297754, at n. 1 (N.D. Tex. Oct. 25, 2018)(citing *Neely v. Wilson*, 418 S.W.3d 52, 72 (Tex. 2013) (citizenship of a professional association is determined in the same manner as citizenship of a corporation); *Gu v. INVISTA S.a.r.l.*, 682 F. App'x 316, 317 (5th Cir. 2017) ("A corporation is deemed to be a citizen of both any state in which it has been incorporated and any state where it has its principal place of business").

[4] Amended Notice of Removal, ¶ 14.  Federal savings banks are regulated by the U.S. Office of the Comptroller of the Currency ("OCC") of the U.S. Department of the Treasury.  The OCC lists Cenlar FSB as a federal savings bank operating under charter no. 706230 with a principal place of business in Ewing, New Jersey.  *See* Amended Notice of Removal at Ex. 3.

[5] *Branum v. Aurora Bank, FSB*, No. 4:12CV-447, 2013 WL 26700, at *1 (E.D. Tex. Jan. 2, 2013) ("A federal savings bank is a citizen only of the State in which such savings association has its home office") (internal quotation marks omitted).

[6] *See D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (affirming decision allowing the defendant to amend the removal petition to add citizenship allegations).

[7] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (affirming decision allowing the defendant to amend the removal petition to add citizenship allegations).

[8] *See Materials Evaluation & Tech. Corp. v. Mid-Continent Cas. Co.*, No. 1:10-CV-740-TH, 2011 WL 13217078, at *2 (E.D. Tex. Feb. 28, 2011) (denying motion to remand, and granting leave to amend "to allege a jurisdictional fact"); *Wormley v. S. Pac. Transp. Co.*, 863 F. Supp. 382, 385 (E.D. Tex. 1994) (same); *Fiduciary Network, LLC v. Buehler*, No. 3:15-CV-0808, 2015 WL 2165953, at *4 (N.D. Tex. May 8, 2015) (denying motion to remand, and

9. In short, because the Amended Notice of Removal correctly identifies Albertelli Law as a citizen of Florida and Cenlar as a citizen of New Jersey, removal was proper.

10. In their motion to remand, Plaintiffs make six attempts to avoid this conclusion. These efforts should be rejected.

11. First, Plaintiffs argue that, for removal to be proper, there must be complete diversity of citizenship.[9] Amerihome does not argue otherwise, though. And the Amended Notice of Removal makes clear that there is complete diversity here.

12. Second, Plaintiffs argue that a removing defendant has the burden of establishing federal jurisdiction.[10] Fair enough. But again Amerihome does not argue otherwise. The Amended Notice of Removal shows that there is complete diversity. Additionally, Plaintiffs do not argue—and cannot argue—that the amount in controversy does not exceed $75,000. Therefore, there is federal jurisdiction.[11]

13. Third, Plaintiffs argue that "courts strictly construe removal statutes and any uncertainty regarding jurisdiction resolves in favor of remand."[12] Yet this argument is doubly problematic. For one thing, Amerihome does not argue for a "loose" construction of the complete-diversity requirement; Amerihome argues that that requirement is met here. For another thing, the Fifth Circuit has made absolutely clear that the rule permitting amendments to

---

granting leave to amend to cure "inadequate jurisdictional allegations"); *Smith v. Wal-Mart Stores, Inc.*, No. EP-08-CV-085-PRM, 2008 WL 11333885, at *2 (W.D. Tex. June 23, 2008) (denying motion to remand, and stating that, "[w]here there is a defective allegation of citizenship, a removing party may supplement its allegations to cure the defect"); *Strauss v. Am. Home Prod. Corp.*, 208 F. Supp. 2d 711, 717 (S.D. Tex. 2002) (denying motion to remand, and finding proper amendment that sought "to remedy a technical defect in [the] Notice of Removal by clarifying the facts that underlie its prior allegation of diversity jurisdiction").

[9] Pls.' Motion, pp. 4-5.
[10] *Id.*, p. 4.
[11] Plaintiffs actually argue that the removing defendant "bears a heavy burden." *See* Pls.' Motion, p. 4. Yet the only case Plaintiffs cite that uses the "heavy" modifier is the (perhaps aptly named) *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213 (5th Cir. 1995). And that case did not discuss the defendant's burden in general; rather, that case discussed the defendant's burden for establishing diversity jurisdiction under a fraudulent-joinder theory. *See Burden*, 60 F.3d at 217-18 (although the court noted that a defendant arguing fraudulent joinder bears a "heavy burden," the court rejected the plaintiff's argument that remand was proper).
[12] Pls.' Motion, p. 4.

4

notices of removal "should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties."[13]

14. Fourth, Plaintiffs argue that, in determining whether jurisdiction exists, the Court may not consider whether Plaintiffs will succeed on the merits. To support this argument, Plaintiffs cite several cases addressing a fraudulent-joinder theory of jurisdiction.[14] In other words, the court in these cases considered whether, because the plaintiff fraudulently joined a non-diverse defendant, diversity jurisdiction existed regardless of that defendant's presence in the case.[15] Plaintiffs do not explain what authority regarding fraudulent joinder has to do with this case. In any event, Amerihome is not asking the Court to consider the merits of this case in resolving the removal issue.[16]

15. Fifth, Plaintiffs cite a string of cases for the proposition that the defendant must plead a sufficient basis for removal.[17] True. And the Amended Notice of Removal pleads a sufficient basis for removal.[18]

16. Sixth, Plaintiffs assert—without citation to authority—that "attempts to amend [the notice of removal] after [the initial removal deadline] are too little, too late."[19] Plaintiffs do

---

[13] *Menendez*, 364 F. App'x at 66.
[14] Pls.' Motion, p. 5 n. 9-11.
[15] *Id.*
[16] On a related point, Plaintiffs argue that, in considering whether removal is proper, the Court "must resolve all ambiguities of controlling state law in favor of a plaintiff." Pls.' Motion, p. 7. In so arguing, though, Plaintiffs again rely on irrelevant authority relating to the issue of fraudulent joinder. *See id.*, n. 20. Regardless, Amerihome is not asking this Court to consider the merits (or lack of merits) of Plaintiffs' claims in resolving the removal issue.
[17] Pls.' Motion, p. 7.
[18] Plaintiffs note that, in their complaint, Plaintiffs allege that Albertelli Law is a Texas citizen. *See* Pls.' Motion, p. 7. But Plaintiffs do not argue that this allegation is sufficient to overcome evidence—like the evidence submitted with the amended removal petition—showing that Albertelli Law is actually a Florida citizen. Nor would such an argument be plausible. *See Buehler*, No. 3:15-CV-0808, 2015 WL 2165953, at 4 ("Plaintiff cannot create a fact issue based on differences between the original Notice of Removal and the Amended Notice of Removal. The latter supplants the former, and to create a fact issue, Plaintiff must provide competent evidence that contradicts the allegations and evidence in Defendants' Amended Notice of Removal.").
[19] Pls.' Motion, p. 7.

not offer any support for this conclusory assertion.  Regardless, Plaintiffs' assertion is contrary to a long line of authority in the Fifth Circuit.[20]

17. In an effort to get around this authority, Plaintiffs might point to decisions in which courts refused to consider alternative grounds for removal where the notice of removal did not rely on that basis, or the defendant failed to present any evidence to the trial court supporting removal.[21]  Here, however, Amerihome is not arguing a new ground for removal.  To the contrary, Amerihome is simply fleshing out the single ground—diversity jurisdiction—that Amerihome identified in its original notice of removal.  This is completely proper.  To quote the Fifth Circuit again, a "general allegation in the original petition for removal in this case, 'that the controversy in said case is entirely between citizens of different states,' although conclusionary in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment."[22]

18. To summarize, as the Amended Notice of Removal shows, there is complete diversity here.  In moving to remand, Plaintiffs focus on technical defects in the original notice of removal.  And Plaintiffs seek to rely on these technical defects to deprive this Court of jurisdiction to consider the merits of a case that is plainly within this Court's subject matter jurisdiction.  But for more than half a century, the Fifth Circuit has rejected such efforts.  This Court should too.  Plaintiffs' motion to remand should be denied.

---

[20] *See Menendez,* 364 F. App'x at 66; *D. J. McDuffie*, 608 F.2d at 146; *Materials Evaluation & Tech. Corp.*, 2011 WL 13217078, at *2.

[21] *See Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002) (refusing to consider a statutory basis for jurisdiction that that defendants did not raise in their removal petition); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991) (refusing to allow defendants to assert a new grounds for jurisdiction on appeal where the defendants had not presented any evidence supporting that grounds to the district court).

[22] *Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961); *see also Materials Evaluation & Tech. Corp.*, 2011 WL 13217078, at *2 (stating that, although a defendant may not amend after the initial removal deadline "to remedy a substantive defect in the removal petition, *i.e.*, to add a new basis for federal jurisdiction, the defendant may amend to correct "technical defects in the jurisdictional allegations in the notice of removal…") (internal quotation marks and alterations omitted).

    **B.    Because Plaintiffs served their complaint by mail, the original notice of removal was timely.**

19.    In addition to arguing an absence of complete diversity, Plaintiffs argue that Amerihome's original notice of removal was untimely. Plaintiffs are mistaken.

20.    Generally, a party has 30 days following service within which to file a notice of removal.[23] Under Rule 6, however, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail)…, 3 days are added after the period would otherwise expire."[24] Here, Plaintiffs served their complaint on Amerihome by mail.[25] Amerihome received the complaint on December 12, 2018,[26] and thirty days from December 12, 2018 was January 11, 2019. Adding three days under Rule 6, places the removal deadline on January 14, 2019. And that is the day Amerihome filed its original notice of removal. Thus, Amerihome timely removed this case.[27]

21.    In their motion to remand, Plaintiffs do not address Rule 6. To the contrary, Plaintiffs simply argue that "[t]he statutory time limit for removing a case is mandatory, and cannot be extended by order of the court or consent of the parties."[28] But this argument is problematic for two reasons. First, while the removal deadline might be mandatory, "an untimely notice of removal is a procedural defect," not a jurisdictional defect."[29] Second, and in any event, under Rule 6, Amerihome's notice of removal was timely.

---

[23] 28 U.S.C. § 1446(b)(1). The removal statute provides that the removal clock starts ticking on "receipt by the defendant, through service or otherwise, of a copy of the" complaint. *Id*. But the Supreme Court has made clear that the "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[24] FED R. CIV. P. 6(d).
[25] Pls.' Motion, Ex. 1.
[26] *Id*.
[27] 28 U.S.C. § 1446(b)(1); *Ross v. Author Sols.*, No. 3:15-CV-00105, 2015 WL 4661931, at *1 (N.D. Ohio Aug. 5, 2015) (finding timely under Rule 6(d) removal petition filed within 33 days of service by mail).
[28] *See* Pls.' Motion, p. 8.
[29] *U.S. Bank Nat'l Ass'n v. Jefferson*, 314 F. Supp. 3d 768, 775 (S.D. Tex. 2018).

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, AMERIHOME MORTGAGE COMPANY, LLC prays that this Court deny Plaintiffs' motion to remand, and grant any other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of February 2019

> HUSCH BLACKWELL LLP
>
> By: */s/ Sabrina A. Neff*
> Sabrina A. Neff
> TBN# 24065813
> 600 Travis St., Suite 2350
> Houston, Texas 77002
> (713) 647-6800 – Telephone
> (713) 647-6884 – Facsimile
> sabrina.neff@huschblackwell.com
>
> ATTORNEYS FOR DEFENDANT
> AMERIHOME MORTGAGE COMPANY, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Response to Motion to Remand has been served upon the following on this the 7th day of February 2019:

Mark Sparks                    *Via ECF*
Timothy M. Ferguson
The Ferguson Law Firm, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77704-4905
*Attorneys for Plaintiffs*

Coury M. Jacocks               *Via ECF*
Timothy Wells
Albertelli Law
2201 W. Royal Ln., Suite 155
Irving, Texas 75063
*Attorneys for Albertelli Law*

> By: */s/ Sabrina A. Neff*
> Sabrina A. Neff

DocID: 4848-2587-6870.2