|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES DISTRICT COURT |   | EASTERN DISTRICT OF TEXAS    |

| | | |
|---|---|---|
| JASON CHAMPAGNE and<br>BRANDY CHAMPAGNE,<br><br>Plaintiffs,<br><br>*versus*<br><br>CENLAR FSB, AMERIHOME<br>MORTGAGE COMPANY, LLC, and<br>ALBERTELLI LAW,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:19-CV-20 |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiffs Jason Champagne and Brandy Champagne's (collectively, "Plaintiffs") Opposed Motion to Remand (#5), wherein they request that the court remand this action to the 58th Judicial District Court of Jefferson County, Texas. Plaintiffs argue that Defendant Amerihome Mortgage Company, LLC ("Amerihome"), which removed this action to this court on January 14, 2019, not only failed to meet its burden of establishing complete diversity of the parties, but also that its Notice of Removal (#1) was untimely. After considering the motions, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Plaintiffs' Motion to Remand (#5) should be GRANTED.

I.  Background

On November 30, 2018, Plaintiffs filed their original petition in the 58th Judicial District Court of Jefferson County, Texas, asserting claims for breach of contract, promissory estoppel, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act and the Texas Debt Collection Act. It is undisputed that Plaintiffs are citizens and residents of the State

of Texas. It is also undisputed that Defendant Amerihome is a Delaware limited liability company, the sole member of which is Aris Mortgage Hold Company, LLC, which is also a Delaware limited liability company with one member: A-A Mortgage Opportunities, LP, a Delaware limited partnership. Amerihome claims that none of A-A Mortgage Opportunities, LP's partners are citizens of Texas. Neither party identifies where Amerihome's principal place of business is located. Although Amerihome does not address the residency of Defendants Cenlar FSB ("Cenlar") and Albertelli Law ("Albertelli") in its Notice of Removal (#1), it claims in later filings that Cenlar, as a federal savings bank with its home office in New Jersey, is a citizen of New Jersey, and that Albertelli, as a professional association incorporated under Florida law with its principal place of business in Florida, is a resident of Florida. Plaintiffs argue that they pleaded in their original petition that Albertelli is a citizen of Texas. Plaintiffs do not contest Cenlar's New Jersey citizenship.

The parties agree that Plaintiffs served their original petition on Amerihome by mail and that Amerihome received the petition on December 12, 2018. On January 14, 2019, Amerihome removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. On January 24, 2019, Plaintiffs filed a motion to remand the case to state court, contending that Amerihome failed to address Albertelli's citizenship and, therefore, because complete diversity does not exist among the parties, federal jurisdiction is lacking. Plaintiffs also contend that Amerihome's Notice of Removal was untimely.

II. <u>Analysis</u>

    A.    <u>Removal Jurisdiction</u>

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 682 (2018); *Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1165 (2016); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Clayton v. Conoco Phillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013), *cert. denied*, 571 U.S. 1156 (2014). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231-32 (2007); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015); *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord African Methodist Episcopal Church*, 756 F.3d at 793; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see* 13E CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2019). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (citing *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Hernandez v. State Farm Lloyds*, No. DR-16-CV-164-AM/CW, 2017 WL 8131570, at *2 (W.D. Tex. Sept. 19, 2017); *Fort Worth & W. R.R. Co. v. Stevenson*, No. 3:15-CV-0906-B, 2015 WL 3867906, at *1 (N.D. Tex. June 22, 2015). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Mumfrey*, 719 F.3d at 397; *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 395 (5th Cir. 2009).

"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Camsoft Data Sys., Inc. v. S. Elec. Supply, Inc.*, 756 F.3d 327, 333 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1162 (2015); *Barker*, 713 F.3d at 228. Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

4

100, 108-09 (1941); *Settlement Funding, L.L.C.*, 851 F.3d at 536; *African Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212. In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000)); *accord African Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212.

    B.    <u>Diversity Jurisdiction</u>

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013); *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016); *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 313-14 (5th Cir. 2015). In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Exxon Mobil Corp.*, 545 U.S. at 552; *Lewis*, 519 U.S. at 68; *Vaillancourt v. PNC Bank Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Uglunts v. Americare Servs., Inc.*, No. 3:12-CV-4388-D, 2013 WL 3809681, at *1 (N.D. Tex. July 23, 2013) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)); *see Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Furthermore, removal is appropriate only if none of the parties properly joined and served as a defendant is a citizen of the state in which the action was brought. *African Methodist Episcopal Church*, 756 F.3d at 793; *In re 1994 Exxon Chem. Fire*, 558 F.3d at 391; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing 28 U.S.C. § 1441(b)(2)).

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 559 U.S. at 96-97 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570-71 (5th Cir. 2011) (quoting *Coury*, 85 F.3d at 249); *accord Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc. ("Preston II")*, 485 F.3d 804, 817 (5th Cir. 2007). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 766 (S.D. Tex. 2007) (quoting *Coury*, 85 F.3d at 249); *accord Hollinger*, 654 F.3d at 571.

C.  Notice of Removal Standard

A defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, ___, 135 S. Ct. 547, 554 (2014) (finding that "a defendant's notice of removal need include only a plausible allegation" that the requirements for diversity jurisdiction exist). Evidence establishing diversity jurisdiction is mandated "only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

A party seeking to establish diversity jurisdiction must specifically allege the citizenship of each party involved in the litigation and show that plaintiffs and defendants are citizens of different states. *Settlement Funding, L.L.C.*, 851 F.3d at 536; *Howery*, 243 F.3d at 919. "Pleading residency instead of citizenship fails to meet [the 'short and plain statement of the grounds for removal' under 28 U.S.C. § 1446]." *In re Allstate Ins. Co.*, 8 F.3d 219, 224 (5th Cir. 1993) (citing *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985)); *see Howery*, 243 F.3d at 921. Indeed, residency is distinguishable from citizenship, which requires domicile. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018); *Momenian v. Davidson*, 878 F.3d 381, 389 (D.C. Cir. 2017); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."

7

The citizenship of a limited liability company (LLC) is determined by the citizenship of all of its members. *Tewari De-Ox Sys. Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (noting that because the defendant "is a limited liability company, . . . its citizenship is determined by the citizenship of all of its members" and holding that a limited liability company organized in Louisiana was not a citizen of Louisiana but rather a citizen of Nevada and Texas, the two states of which its members were citizens); *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 224 (5th Cir. 2012); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (stating that "like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); *see Mullins v. Test Am., Inc.*, 564 F.3d 386, 397-98, n.6 (5th Cir. 2009) (applying the appropriate tests to determine the citizenship of partnerships and limited liability companies).

In order to determine the citizenship of a limited partnership, the court must ascertain the citizenship of both its general and limited partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *see Lincoln Prop. Co.*, 546 U.S. at 84 n.1 (noting in dicta that citizenship of a limited partnership is determined based on the citizenship of each general and limited partner); *Grupo Dataflux*, 541 U. S. at 579; *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 856 n.3 (5th Cir. 2003), *cert. denied*, 541 U.S. 1073 (2004). For purposes of determining diversity jurisdiction of an artificial entity, such as a limited partnership, the court "adhere[s] to [the] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" *Carden*, 494 U.S. at 195 (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)); *see Firefighter's Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 523 n.1 (5th Cir. 2015) (citing *Harvey*, 542 F.3d at 1080).

D. <u>Timeliness of Amerihome's Notice of Removal</u>

Plaintiffs argue that remand is warranted because Amerihome's Notice of Removal was untimely. The parties agree that Amerihome received Plaintiffs' petition by mail on December 12, 2018, which prompted the removal period to begin on December 13, 2018. *See* FED. R. CIV. P. 6. The parties disagree on when the removal period ended. Plaintiffs claim the window closed 30 days later on Friday, January 11, 2019, making Amerihome's Notice of Removal filed Monday, January 14, 2019, untimely. Amerihome argues that because Plaintiffs served their petition through the mail, Federal Rule of Civil Procedure 6(d) adds three days to the removal period, thus extending the removal deadline to January 14, 2019, making Amerihome's removal timely.

"The timing of removal is controlled by 28 U.S.C. § 1446(b)." *Mumfrey*, 719 F.3d at 397; *accord Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). Section 1446(b) provides, in pertinent part:

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2) (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant

> may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Thus, "if the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it." *Mumfrey*, 719 F.3d at 397-98; *see Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) (citing § 1446(b)). If the initial pleading does not trigger removal, however, "a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable." *Mumfrey*, 719 F.3d at 398; *see Decatur Hosp. Auth.*, 854 F.3d at 297 (citing § 1446(b)). Amerihome does not contest that the initial pleading sets forth a claim in which the presence of diversity jurisdiction was ascertainable, thus triggering the start of the removal period. Rather, the only dispute regarding timeliness is about the date upon which the removal period ended.

While the time limit for removal is not jurisdictional and may be waived, the failure to file a notice of removal within 30 days may render removal improper. *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004); *Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000); *Cervantez v. Bexar Cty. Civil Serv. Comm'n*, 99 F.3d 730, 734 (5th Cir. 1996). Unless the plaintiff waives the applicable time limit or there is some equitable reason not to apply it, "a defendant who does not timely assert the right to remove loses that right." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *accord Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 n.8 (5th Cir. 2003) (concerning the one-year bar); *Cervantez*, 99 F.3d at 734 (addressing untimely

removal after 30 days from receipt of an "other paper" triggering removal); *Benesmart, Inc. v. Total Fin. Grp.*, No. 12-2645, 2012 WL 6020340, at *3 (E.D. La. Dec. 3, 2012) (discussing untimely removal more than 30 days after service of an initial pleading); *see* 28 U.S.C. § 1447(c) (noting that a plaintiff must file a motion to remand within 30 days of removal on the basis of any defect other than a lack of subject matter jurisdiction). Where a notice of removal is determined to be untimely and the deficiency is not waived by the plaintiff, the removal is improvident, and remand is proper. *Cervantez*, 99 F.3d at 734; *Benson v. Benson*, No. 5:15-CV-202, 2015 WL 3622335, at *3 (W.D. Tex. June 9, 2015) (citing *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982)).

At issue here is whether Rule 6(d) adds three days to the 30-day removal period established by 28 U.S.C. § 1446(b). Rule 6(d) states that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d). District courts are not in complete agreement on whether 6(d) applies to § 1446(b)'s 30-day removal period, although "the majority have determined that Rule 6(d) does not extend the thirty-day removal period of section 1446(b)." *Knight v. J.I.T. Packaging, Inc.*, 4:08CV2545, 2008 WL 4981081, at *2-3 (N.D. Ohio Nov. 24, 2008) (collecting cases); *see Martinez v. Draim*, No. 18-CV-1098-JAP-KBM, 2018 WL 6788519, at *2 (D.N.M. Dec. 26, 2018) (collecting cases showing "other courts have refused to enlarge the thirty-day removal period . . . based on Rule 6(d)"); *Denny v. Ill. Nat. Ins. Co.*, No. 10-CV-0676-CVE-TLW, 2010 WL 5141656, at *6 (N.D. Okla. Dec. 13, 2010) ("[T]he majority of courts that have considered whether Rule 6(d) . . .

operates to extend the thirty-day removal period . . . have answered in the negative."); *Daniel v. United Wis. Life Ins. Co.*, 84 F. Supp. 2d 1353, 1356 (M.D. Ala. 2000) (collecting cases).

The majority of courts holding that Rule 6(d) does not extend the removal period construe the word "receipt" in § 1446(b) to mean that actual *receipt* of the petition, rather than *service*, triggers the 30-day period. *DerMargosian v. Arpin Am. Moving Sys., LLC*, No. 3:12-CV-4687-D, 2013 WL 787091, at *1 (N.D. Tex. March 4, 2013). The three-day extension provided by Rule 6(d) compensates for service by mail, which is complete upon mailing and thus triggers the clock for certain deadlines. *Id.* In this case, however, § 1446(b)'s 30-day period begins upon *receipt*, eliminating any danger of "lag or risk of failure" caused by mail service for which Rule 6(d) accounts. *Id.*; *see McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of N.Y.*, No. 14-CV-6989 (JPO), 2015 WL 3604249, at *3 n.1 (S.D.N.Y. June 8, 2015) (stating removal period starts upon receipt of petition, "not when the pleading is mailed"); *Freedom Steel, Inc. v. Senn Freight Lines, Inc.*, No. 1:09-CV-2750, 2010 WL 395228, at *4 n.1 (N.D. Ohio Jan. 26, 2010) (determining that the removal period does not begin until defendant is in actual receipt of the petition, thus it is "illogical to apply [Rule 6(d)] . . . to accommodate 'mail time' . . . [when] the time-clock does not start ticking until after 'mail time' has run, i.e., after the defendant receives service") (quoting *Mitchell v. Ky.-Am. Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997)); *Denny*, 2010 WL 5141656, at *6 (stating removal period "is not triggered by service, but rather by actual receipt of the pleadings"); *Daniel*, 84 F. Supp. 2d at 1356 (holding "the purpose behind [Rule 6(d)]—accounting for the time required for delivery of the mail—is not implicated by § 1446(b)" because the removal period does not start until the defendant receives the petition). Moreover, Rule 6(d) is tied to service made under Rule 5 and does not affect service of a summons

and petition made under Rule 4. *DerMargosian*, 2013 WL 787091, at *1 n.3; *see* FED. R. CIV. P. 6(d); *Flora v. LG Elecs. U.S.A., Inc.*, No. 13-CV-13362, 2013 WL 4805693, at *1-2 (E.D. Mich. Sept. 9, 2013) (holding 6(d) is inapplicable to § 1446(b)'s 30-day period triggered by service of process under Rule 4 because 6(d) applies only to service under Rule 5); *see also Barrera v. Allstate Ins. Co.*, No. DR-16-CV-0037-AM-VRG, 2017 WL 3274469, at *3 n.3 (W.D. Tex. Mar. 6, 2017) ("By its terms, Rule 6(d) applies to . . . documents served under . . . Rule 5(b)(2), while the service in question here is service of process . . . governed by Rule 4 in the federal system."). The court finds this reasoning persuasive.

Amerihome cites to *Ross v. Author Solutions* in support of its argument that Rule 6(d) should extend the removal period. No. 3:15-CV-00105, 2015 WL 4661931 (N.D. Ohio Aug. 5, 2015). In *Ross*, however, the United States District Court for the Northern District of Ohio calculated the 30-day removal period from the date the petition was *mailed*, citing to Ohio civil procedure rules stating that service is complete upon the date the petition is mailed. *Id.* at *1. The reasoning appears to be that § 1446(b) allows for receipt to be calculated "through service or otherwise." *Id.* (quoting 28 U.S.C. § 1446(b)). This rationale, however, is undermined by Supreme Court dicta. "The Supreme Court has implicitly recognized that receipt means actual receipt . . . by noting that a 'defendant's period for removal will be no less than 30 days from service' but may sometimes 'be more than 30 days from service, *depending on when the complaint is received*.'" *DerMargosian*, 2013 WL 787091, at *2 (quoting *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 348, 354 (1999)). This clarifies that the removal period commences upon receipt of the petition, as receipt after the date of service will cause the removal period to extend

13

farther than 30 days after service is completed. Thus, the reasoning utilized in *Ross* is inapplicable to the case at bar.

Accordingly, the court holds that the 30-day removal period was triggered by Amerihome's actual receipt of Plaintiffs' citation and petition by mail on December 12, 2018. The removal period, therefore, expired on Friday, January 11, 2019, and Rule 6(d) does not operate to extend this period. Amerihome did not remove this case until January 14, 2019. As a consequence, Plaintiffs' motion to remand must be granted. *See, e.g., Marshall v. Air Liquide-Big Three, Inc.*, No. Civ.A. 05-3726 2006 WL 286011, at *2 (E.D. La. Feb. 7, 2006) ("The thirty day period is mandatory, unless the party seeking a remand waives that requirement."); *Brown*, 792 F.2d at 481 ("[A] defendant who does not timely assert the right to remove loses that right.").

III. Conclusion

In this instance, the presence of diversity jurisdiction was ascertainable on December 12, 2018, when Amerihome received Plaintiffs' petition, yet Amerihome allowed more than 30 days to elapse before filing its notice of removal on January 14, 2019. Because Amerihome did not comply with the 30-day, statutory time period for removal, a remand to state court is warranted. Accordingly, Plaintiffs' motion to remand is GRANTED. This action will be remanded to the 58th Judicial District Court of Jefferson County, Texas.

Accordingly, all other pending motions in this case are MOOT.

SIGNED at Tyler, Texas, this 17th day of June, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE